**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FEDERAL NATIONAL MORTGAGE**
**ASSOCIATION, a corporation existing**
**under the laws of the United States,**

     **Plaintiff/Counter-Defendant,**         **Case No. 13-12441**
                                    **Hon. Victoria A. Roberts**

**v.**

**ROYAL MANOR APARTMENTS, LLC.,**
**A Michigan limited liability company,**

     **Defendant/Counter-Plaintiff.**
_____

**ORDER GRANTING PLAINTIFF/COUNTER-DEFENDANT FEDERAL NATIONAL**
**MORTGAGE ASSOCIATION'S EMERGENCY MOTION TO APPROVE BOND**
**(Doc. # 71)**

**I.      INTRODUCTION**

On July 29, 2014 the Court entered judgment in favor of Royal Manor

Apartments ("Royal Manor") for $122,008.37. Federal National Mortgage Association

("Fannie Mae") appealed. On August 29, 2014, Royal Manor began proceedings to

execute its judgment. Fannie Mae filed to stay execution of the judgment pending

appeal and proceed without filing a supersedeas bond. Fannie Mae argued that pending

appeal, a bond was unnecessary because it had the funds to pay the judgment if it lost

the appeal. Royal Manor responded by asking the Court to deny Fannie Mae's motion.

After this response was filed, Fannie Mae secured a supersedeas bond for $152,510.37

rendering its prior motion to waive bond moot. However, Fannie Mae filed another

motion asking the Court to stay execution of the judgment, and to stop Royal Manor

from garnishment proceedings. Royal Manor's response was a motion, claiming that even if the Court approved the bond, it would not retroactively stay execution of judgment. The parties proceeded to file motions and responses, which essentially argued the same law, but added a few new facts to paint the opposing party in a negative light.

The Court **GRANTS** Fannie Mae's Emergency Motion to Approve Bond and to stay execution of the judgment pending appeal.

## II.    DISCUSSION

Federal Rule of Civil Procedure ("F.R.C.P.") 62 Rule 62(d) says "if an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

Despite Rule 62(d)'s language, there is  debate as to whether approving a supersederas bond retroactively stays execution of a judgment. The Sixth Circuit is silent on this issue, and "District court decisions from around the country, including some from this District," are not conclusive on the question. *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 09-CV-11067, 2010 WL 3582542 *3 (E.D. Mich. Sept. 10, 2010).  Some courts have ruled that Rule 62(d)'s language makes it clear that a stay of execution cannot be retroactive. *Acme Contracting, Ltd. v. Toltest*, Inc., No. 07-10950, 2008 WL 4534175 * 3 (E.D. Mich. Oct. 23, 2008). Other courts have looked to principles of equity and the rationale behind Rule 62(d) to conclude that Rule 62(d)

allows for a retroactive stay pending appeal.

> Rule 62(d) is intended to preserve the status quo. Rule 62's stay provision protects judgment debtors by preventing undue hardship caused by executions on judgments and avoids the sometimes impossible task of recouping transferred assets if there is a reversal on appeal. The bond provision protects judgment creditors by ensuring that they will be compensated without additional efforts and by insulating them from the possibility that judgment debtors will become insolvent before the appeal is concluded.

*Fairlane Car Wash, Inc. v. Knight Enterprises, Inc.*, No. 07-10165, 2009 WL 2447616 *

2 (E.D. Mich. Aug. 6, 2009) *quoting Thunder Mountain Custom Cycles, Inc. v. Thiessen*

*Prods.*, Inc., No. 06-02527, 2008 WL 5412469, * 4 (D.Colo. Dec. 24, 2008). *See also*,

*Gauthier v. Mardi Capital Corp.*, 90 CIV. 4313 (CSH), 1990 WL 250179 * 1 (S.D.N.Y.

Dec. 26, 1990) ("[t]here is ample authority for vacatur of a previously obtained restraint

upon the filing of an appropriate supersedeas bond.").

Some courts look to the facts of a particular case to determine whether  a

retroactive stay is appropriate in the matter. *See*, *Fairlane Car Wash*, 2009 WL 2447616

at * 3, noting the particular litigious behavior between the parties. ("Given the facts and

proceedings of this litigation, the court finds that retroactive application of the

supersedeas bond is necessary...A great deal of contentiousness and a certain lack of

communication seems to the court as having haunted this litigation. Rather than

attempting to reasonably resolve the issue themselves, and to ask in mutual good faith

whether there would be any prejudice - any actual problem- in granting relief the

Defendant sought, the parties resorted to the expense of full-blown motion practice.").

The Court finds that granting Fannie Mae's supersedeas bond would

retroactively stay any attempts by Royal Manor to execute the judgment pending

3

appeal. Given the contentiousness between the parties, the Court believes that maintaining the status quo would be in the best interests. The Court is convinced that Fannie Mae's amended bond sufficiently protects Royal Manor's interest; it operates to guarantee payment of the judgment in the event appeal is not successful. And, the bond amount is enough to cover the judgment plus additional costs. Furthermore, since there is a pending appeal, instituting a retroactive stay would protect Fannie Mae's interests because "the monies coming into the hands of the [Royal Manor] might well be dissipated to the detriment" of Fannie Mae in the event of reversal by the Court of Appeals. *Ascher v. Gutierrez*, 66 F.R.D. 548, 549 (D.D.C. 1975). Finally, a stay saves both parties the time and expense of exchanging funds, and the possibility of doing so again depending on the decision by the Court of Appeals.

## III.    CONCLUSION

The Court **GRANTS** Fannie Mae's Emergency Motion to Approve Bond (Doc. # 71), and concludes that approving the bond retroactively stays execution of the judgment pending appeal.

        **IT IS ORDERED.**


                                     s/Victoria A. Roberts_____
                                     Victoria A. Roberts
                                     United States District Judge

Dated:  September 30, 2014

4

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 30, 2014.

s/Carol A. Pinegar
Deputy Clerk